UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TERESA RENITA BURWELL, | Case No. 2:25-cv-00284-RFB-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| SIGNATURE REAL ESTATE GROUP & TRIPLE E PROPERTIES, LLC | **AND** |
| Defendants. | **REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Teresa Burwell's application to proceed *in forma pauperis* (sometimes "IFP") and Complaint. ECF Nos. 1, 1-1. Based on the representation in the IFP, the Court finds Plaintiff is unable to pay the required filing fee and her application to proceed *in forma pauperis* is granted below.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation omitted). The Court must liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

**II.    Discussion**

Plaintiff, a Nevada resident, asserts multiple claims against Signature Real Estate Group and Triple E Properties (the owner and manager of her apartment complex, respectively), for whom Nevada addresses are given. ECF No. 1-1 at 2. Plaintiff alleges violations of the Sherman Antitrust Act (15 U.S.C § 1, *et seq.*), the Clayton Act (15 U.S.C. § 12, *et seq.*), the Federal Trade Commission

Act (15 U.S.C § 41, *et seq.*) and NRS 118A.300.[1] ECF No. 1-1 at 3. Plaintiff alleges Defendants violated these laws by increasing her rent from $1,495 to $2,200, which she characterizes as "predatory price fixing by means of increasing [her] rent over 5% … and failing to provide … proper notice." *Id.* at 4. Plaintiff asserts these alleged violations caused her "unnecessary duress, stress, embarrassment and suffering," and resulted in her being homeless for a period of six months. *Id.*

The Court begins by considering Plaintiff's federal claims, because in the absence of complete diversity or a valid federal question, the Court would be unable to exercise jurisdiction over Plaintiff's state law claim. *See Residential Funding Real Estate Holdings, LLC v. Chavez*, Case No. CV 10-04488 MMM (JCGx), 2010 WL 3220065 (C.D. Cal. Aug. 12, 2010) ("[A] court cannot exercise supplemental jurisdiction unless at least one claim in the action falls independently within its jurisdiction.").

With regards to Plaintiff's claim under the Federal Trade Commission Act, that statute does not include a private right of action. *Belssner v. One Nev. Credit Union*, Case No. 2:17-CV-1648 JCM-VCF, 2017 WL 3910776, at *2 (D. Nev. Sep. 19, 2017) ("[T]he FTCA does not provide for a private right of action.") (citing, *inter alia*, *Carlson v. Coca Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973)). The Court therefore recommends dismissing this claim with prejudice.

Turning to the Sherman Antitrust Act, while that Act itself does not include a private right of action, section 4 of the Clayton Act does allow private parties to sue for violations of the Sherman Act and other relevant antitrust laws. 15 U.S.C. § 15 ("[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides.") The Clayton Act is not a freestanding cause of action, however, and thus Plaintiff must still properly allege violation of a specific antitrust law. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) (The Clayton Act "does not furnish an independent cause of action[;] [r]ather, it allows the court to fashion relief

---

[1] Plaintiff also alleges at different points violations of "AB40," which she describes as providing that "no eviction should be filed sought or granted with a pending rental assistance application." ECF No. 1-1 at 3-4. Based on this description, the Court construes Plaintiff's Complaint to be referencing Nevada Senate Bill 335 (2023), a proposed piece of legislation that would have provided such protections. 2023 NV S.B. 335 (LexisNexis). However, even assuming the Court had jurisdiction over alleged violations of state eviction law, SB 335 was vetoed and thus never enacted into law. *Id.*

upon a showing of a separate violation of the antitrust laws.") Though Plaintiff does not specify which provision of the Sherman Antitrust Act she alleges Defendants violated, the Court construes her reference to price fixing to be alleging a violation of Section 1 of that Act. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, 20 F.4th 466, 479 (9th Cir. 2021) ("Horizontal price fixing and market allocation are per se Section 1 violations.") (citing *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 (1990)).

To state a claim under Section 1 of the Sherman Act, Plaintiff must allege "(1) that there was a contract, combination, or conspiracy; (2) that the agreement unreasonably restrained trade under either a per se rule of illegality or a rule of reason analysis; and (3) that the restraint affected interstate commerce." *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1062 (9th Cir. 2001) (internal quotations omitted). Further, the allegations must include "enough factual matter (taken as true) to suggest that an agreement was made." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In addition to the specific pleading requirements under this provision, a private party seeking to enforce antitrust laws through a private suit under the Clayton Act must demonstrate an antitrust injury, not simply an individual injury. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 815 (9th Cir. 1988) (A plaintiff must "allege antitrust injury to the market or to competition in general, not merely injury to individuals"). An antitrust injury is an injury "of the type the antitrust laws were intended to prevent that also flows from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977).

Applying these standards to Plaintiff's Complaint, the Court finds she fails to state a claim under Section 1 of the Sherman Act or any other antitrust law. Plaintiff asserts that her rent increase was the result of "predatory price fixing," ECF No. 1-1 at 4, but she does not allege the existence of an agreement between Defendants and any other leasing agency or property manager to set a minimum rent throughout a specified market, or that the increase in her rent was part of a larger scheme that restrained trade in a way that affected interstate commerce. More fundamentally, Plaintiff only alleges injury to herself in the form of "unnecessary duress, stress, embarrassment, and suffering." *Id.* To sustain an antitrust claim, Plaintiff must allege an injury to the relevant market in the form of reduced competition and that such market injury in turn caused her own injury.

*McGlinchy*, 845 F.2d at 815. The Court dismisses Plaintiff's antitrust claims; however, because it is possible Plaintiff will be able to plead additional facts sufficient to state a claim under the Sherman Act, this dismissal is without prejudice to filing an amended complaint.

Finally, because none of Plaintiff's federal claims survive screening and there is no diversity of parties, the Court dismisses her claim under NRS 118A.300. If Plaintiff believes Defendants have violated relevant protections for renters under Nevada law, she may file such a claim in state court or, if she chooses to file an amended complaint in the instant action and such complaint states a valid claim under federal law, the Court, at its discretion, may exercise supplemental jurisdiction over this state law claim. Therefore, this dismissal will be without prejudice.

### III.   Conclusion

For the above reasons, the Court finds Plaintiff fails to state a claim upon which relief can be granted and therefore dismisses her Complaint. If Plaintiff wishes to replead her antitrust claims in an Amended Complaint, she must be sure to properly allege the existence of an agreement between Defendants and other leasing managers, and that such agreement caused an injury not only to herself, but to the rental market generally through reduced competition. Additionally, any claims arising under Nevada law will be considered only if Plaintiff properly states a claim under federal law.

### IV.   Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims under the Sherman Antitrust Act, the Clayton Act, and NRS 118A.300 are DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff **must**, if she so chooses, file an amended complaint, which must be titled "FIRST AMENDED COMPLAINT," by **April 14, 2025**. Plaintiff's filing must be complete in and of itself. That means all of the facts and all claims Plaintiff wishes the Court to review must be included in the FIRST AMENDED COMPLAINT. The Court cannot review Plaintiff's original Complaint for any purpose.

IT IS FURTHER ORDERED that failure to timely file and otherwise comply with this Order will result in a recommendation to dismiss this case in its entirety.

## V. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claim under the Federal Trade Commission Act be DISMISSED with prejudice.

Dated this 14th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).